E-FILED
Tuesday, 16 December, 2014  08:47:16 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| LORA J. WHEATLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 11-3414 |
| ) | |
| FACTORY CARD AND PARTY ) | |
| OUTLET, a division of AMSCAN ) | |
| HOLDINGS, INC., ) | |
| ) | |
| Defendant. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Factory Card & Party Outlet's Motion for Reconsideration the Court's Opinion Denying the Defendant Summary Judgment (d/e 32). Because the Defendant raises no new issues in the motion, and instead addresses previous arguments that that Court has already rejected, the motion is DENIED.

In the Seventh Circuit,

> It is well established that a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not

of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered.

Broaddus v. Shields, 665 F.3d 846, 860 (7th Cir. 2011), overruled on other grounds by Hill v. Tangherlini, 724 F.3d 965, 967 n.1 (7th Cir. 2013). "These grounds represent extraordinary circumstances, and the granting of a motion to reconsider is to be granted only in such extraordinary circumstances. Motions to reconsider are not at the disposal of parties who want to 'rehash' the same arguments that were originally presented to the court." U.S. S.E.C. v. Nat'l Presto Indus., Inc., No. 02-C-5027, 2004 WL 1093390, at *2 (N.D. Ill. Apr. 28, 2004). In other words, motions to reconsider should only be filed "'to correct manifest errors of law or fact or to present newly discovered evidence.'" Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1269 (7th Cir. 1996) (quoting Keene Corp. v. Int'l Fid. Ins. Co., 561 F. Supp. 656, 665 (N.D. Ill. 1982)).

FCPO's motion for reconsideration does not meet this standard. Instead, FCPO primarily disagrees with how the Court viewed the evidence in ruling on FCPO's motion for summary judgment. FCPO makes three main arguments in its motion: (1) the Court wrongly held that Wheatley did not bear the burden to prove

that she was a qualified individual with a disability in responding to FCPO's motion for summary judgment; (2) the Court incorrectly found that there was sufficient evidence to create a question of material fact as to whether Wheatley was a qualified individual; and (3) the Court should have found that Dr. Fleischli's July 8, 2009 Attending Physician Statement defeated Wheatley's claim. The Court will take these arguments in turn.

First, FCPO is incorrect that the Court erred by holding that Wheatley did not bear the burden to prove that she was a qualified individual at the summary judgment stage. See Motion to Reconsider, d/e 32 at 6-7. The authority cited by FCPO actually supports the Court's finding that Wheatley only needed to produce evidence sufficient to create a question of material fact as to whether she was a qualified individual, not to *prove* that she was a qualified individual. See Basden v. Prof'l Transp., Inc., 714 F.3d 1034, 1037 (7th Cir. 2013) ("In response to an employer's motion for summary judgment, it is the plaintiff's burden to produce *evidence sufficient to permit a jury to conclude* that she would have been able to perform the essential functions of her job with a reasonable accommodation.") (emphasis added). Wheatley would

have to conclusively *prove* that she was a qualified individual if she were moving for summary judgment on that point, but in responding to FCPO's motion for summary judgment, she only had to *raise a question of material fact* that she was a qualified individual.  As the Court held in the opinion denying FCPO's motion, Wheatley creates this question with the statements in her affidavit regarding her ability to work and Dr. Senica's and Dr. Bohan's releases.  See Opinion, d/e 31 at 14.

On that point, despite FCPO's continued objections to the Court's consideration of Wheatley's belief about her ability to work, Wheatley's belief that she could have worked with a boot was relevant to the Court's findings because it was supported by what Dr. Fleischli allegedly told her after he examined her.  Dr. Fleischli's statement about Wheatley's ability to work is not admissible to prove Wheatley could work, but it does provide some foundation for Wheatley's belief, distinguishing her belief from the "unsubstantiated" beliefs rejected by the courts in the cases cited by FCPO.  See Motion to Reconsider, d/e 32 at 7 (quoting Crowley v. Rockford Hous. Auth., 1 F. App'x 499, 501 (7th Cir. 2001); Cleveland v. Porca Co., 38 F.3d 289, 295 (7th Cir. 1994)).

Furthermore, while Dr. Senica's and Dr. Bohan's releases do not *prove* that Wheatley could work on July 11, 2009, again, the Court need only find that there exists some outstanding material question of fact regarding Wheatley's ability to work for summary judgment to be improper.  Two physicians found that Wheatley could work, and then, with no evidence in the record that Wheatley's condition worsened, a third ostensibly found that she could not—though more on that below.  Those doctors' competing findings create a question of material fact.

Most importantly, FCPO is incorrect in continuing to argue that Dr. Fleischli's July 8, 2009 Attending Physician Statement is fatal to Wheatley's claim.  Dr. Fleischli's recommendation of "immobilization" may have meant that Wheatley's foot needed to be immobilized in a boot, not that Wheatley needed to be completely immobilized and consequently would have been unable to work even with a reasonable accommodation.  Wheatley stated in her affidavit that the Attending Physician Statement was only created after FCPO employees told her that she would not be allowed to return to work in a boot and she relayed that information to Dr. Fleischli.  Therefore, if Dr. Fleischli did find that Wheatley's foot

needed to be immobilized in a boot, he likely would have considered what FCPO told Wheatley about whether she could come to work in a boot in completing the form. In that case, Dr. Fleischli could have written that Wheatley was unable to work because he knew that FCPO would not let her work if she had to wear a boot. However, that would not necessarily mean that Wheatley was unable to work under the ADA, as allowing her to work with the boot may have constituted a reasonable accommodation. Deposition or trial testimony from Dr. Fleischli will be necessary to clarify what he and Wheatley told each other regarding the possibility that Wheatley could have gone back to work in a boot, and what Dr. Fleischli meant by "immobilization" in the Attending Physician Statement.

For those reasons, the Defendant's Motion for Reconsideration (d/e 32) is DENIED.

ENTER: December 16, 2014

s/Sue E. Myerscough  
SUE E. MYERSCOUGH  
UNITED STATES DISTRICT JUDGE