UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| LORA J. WHEATLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 11-3414 |
| ) | |
| FACTORY CARD AND PARTY ) | |
| OUTLET, a division of AMSCAN ) | |
| HOLDINGS, INC., ) | |
| ) | |
| Defendant. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Factory Card & Party Outlet's Renewed Motion for Summary Judgment (d/e 52). Because the Plaintiff cannot prove that she was a qualified individual with a disability at the time she was fired, the Defendant's motion is GRANTED.

The facts of this case were discussed in detail in the Court's September 30, 2014 opinion. In that opinion, the Court held that summary judgment in favor of the Defendant, Factory Card and Party Outlet (FCPO), was not justified, because FCPO had not shown that the Plaintiff, Lora Wheatley, could not prove that she

was a qualified individual with a disability on July 11, 2009, the day that she was fired.  In a later order denying FCPO's motion to reconsider, the Court further clarified that summary judgment was improper because "[d]eposition or trial testimony from Dr. [Jeffrey] Fleischli will be necessary to clarify what he and Wheatley told each other regarding the possibility that Wheatley could have gone back to work in a boot, and what Dr. Fleischli meant by 'immobilization' in the Attending Physician Statement."  The Court also pointed out the competing conclusions of Drs. Fleischli, James Bohan, and Karolyn Senica regarding Wheatley's ability to return to work.

Prior to this case's April trial date, FCPO filed a motion in limine to bar Dr. Fleischli from presenting expert testimony because Wheatley had only disclosed Dr. Fleischli as a lay witness, not as an expert witness, as required by Federal Rule of Civil Procedure 26(a)(2).  See Motion in Limine to Bar Evidence of Plaintiff's Ability to Return to Work with a "Walking Boot," d/e 35.  After holding a pretrial hearing, the Court granted Wheatley leave to file amended witness disclosures, disclosing Dr. Fleischli as an expert witness, if Wheatley would also present a detailed description of what Dr. Fleischli's testimony would be at trial.  See Minute Entry of March

30, 2015.  The next day, Wheatley filed a notice stating that she could not provide a detailed description of Dr. Fleischli's testimony and that she would instead not be calling Dr. Fleischli as a witness at all.  See Plaintiff's Notice of Removing a Witness from Her Witness List, d/e 50.  Two days later, FCPO filed its Renewed Motion for Summary Judgment, in which it argued that without the testimony of Dr. Fleischli, Wheatley could not prove that she was a qualified individual with a disability on July 11, 2009.  See Renewed Motion for Summary Judgment, d/e 52.  Wheatley responded that summary judgment would be improper because Wheatley could testify about her ability to return to work with a walking boot based on her experience using a boot at home.  See Plaintiff's Response to Defendant's Renewed Motion for Summary Judgment, d/e 53.

    The Court concludes that summary judgment against Wheatley's claims is now proper because Wheatley can no longer establish that she was medically able to return to work wearing a walking boot.  In Basith v. Cook County, 241 F.3d 919, 924-25 (7th Cir. 2001), the plaintiff worked as a pharmacy technician until being injured in a car accident, which significantly limited his

mobility. When the plaintiff's employer did not allow the plaintiff to return to his previous position because the plaintiff's physical limitations meant he could no longer deliver medications—an essential function of his previous position—the plaintiff attempted to argue that he could perform deliveries by using a "motorized wheelchair with a carrying basket." Id. at 930. The Seventh Circuit found that "Basith provide[d] no evidence to substantiate this claim, such as a report from his doctor that he could fully perform the delivery function with his proposed wheelchair," and rejected what it characterized as the plaintiff's "bare assertion" that a wheelchair would be an effective accommodation. Id. Implicit in the court's holding is that the testimony of the plaintiff, alone, was not sufficient to show that the plaintiff would be medically able to perform the functions of his job with his proposed accommodation. See also Vollmert v. Wisconsin Dep't of Transp., 197 F.3d 293, 298 (7th Cir. 1999) (focusing on whether an expert's report "was sufficient to raise a genuine issue of fact regarding [the plaintiff's] ability to perform the job with accommodations" and implicitly upholding the district court's conclusion that the plaintiff's own contention about her ability to perform the job with

accommodations was not sufficient to prove her claim); Weigel v. Target Stores, 122 F.3d 461, 468-69 (7th Cir. 1997) (rejecting the plaintiff's expert testimony and finding that the plaintiff was then left with no evidence, thus implicitly finding that the plaintiff could not prove her claim through her own conjecture about what would accommodate her limitations).

The Basith holding is supported by the fact that in most cases, and certainly in Wheatley's case, the question of whether a person can perform a job function with a reasonable accommodation is an inherently medical question which must be answered by expert testimony. Here, the question is: Could Wheatley's foot medically withstand the pressure and exertion of performing her job in a walking boot? Wheatley is not qualified to answer that question. She would need to present expert medical testimony, which she now cannot do.

This question is distinguishable from the question of whether a plaintiff can be considered "disabled" under the ADA, which can, in certain circumstances, be answered without expert testimony. See E.E.O.C. v. AutoZone, Inc., 630 F.3d 635, 643-44 (7th Cir. 2010) (finding that expert testimony was not necessary when "the

scope of a physical limitation . . . is obvious to an observer and easily described by the sufferer"); E.E.O.C. v. Sears, Roebuck & Co., 417 F.3d 789, 802 (7th Cir. 2005) ("A reasonable jury could conclude, based on this evidence and its own life experience, that Keane's severe difficulty in walking the equivalent of one city block was a substantial limitation compared to the walking most people do daily."). The disability determination requires the jury to evaluate whether a person's condition "substantially limits" the person in conducting major life activities, such as walking and caring for oneself. See 29 C.F.R. § 1630.2. Naturally, determining from a person's testimony whether she is substantially limited in her ability to perform routine, everyday tasks can be a common-sense exercise. See Sears, Roebuck & Co., 417 F.3d at 802. Determining whether someone's previously diagnosed medical limitation could be alleviated with a certain accommodation, on the other hand, is a more specialized inquiry. In this case, at least, that inquiry would require expert medical testimony.

Wheatley's inability to answer this medical question is exacerbated by the fact that the medical evidence that does exist in the record is inconsistent with the answer she attempts to present.

On the one hand are Dr. Bohan's and Dr. Senica's releases stating that Wheatley could return to work without restrictions on March 27, 2009, and July 6, 2009, respectively, which would mean that Wheatley was not actually disabled at all and therefore not covered by the ADA.[1] On the other hand there is Dr. Fleischli's Attending Physician Statement, which states that Wheatley had to be immobilized, had no ability to work, and could not return to work until August 15, 2009. The Court previously held that Dr. Fleischli's Statement may be ambiguous in light of Wheatley's allegations that Dr. Fleischli told her she could return to work in a walking boot, but any of Dr. Fleischli's statements to that effect would be inadmissible hearsay at trial. With no testimony from Dr. Fleischli, we are left with a document that quite clearly states that Wheatley could not work on July 11, 2009.[2] In essence, Wheatley is now asking to go to trial with no evidence but her testimony,

---

[1] The Court notes that Dr. Senica would not be able to testify as an expert at trial because, like Dr. Fleischli, Dr. Senica was not disclosed under Federal Rule of Civil Procedure 26(a)(2).

[2] Wheatley argues that Dr. Fleischli's Statement is not admissible evidence and cannot be considered by the Court because Wheatley removed Dr. Fleischli from her witness list. The Statement has been in the record for over a year, and Wheatley never objected to its admissibility. The Court sees no reason why Dr. Fleischli's removal as a trial witness would now effectively delete his Statement from the record.

which is inconsistent with the medical evidence in the record, regarding her beliefs about her ability to work with a boot. Such testimony is not sufficient to stave off summary judgment. See Cleveland v. Porca Co., 38 F.3d 289, 295 (7th Cir. 1994) ("Statements of 'beliefs' or 'opinions' are insufficient to create a genuine issue of material fact.").

Wheatley attempts to side-step her lack of evidence by arguing that she can still show that FCPO violated the ADA by failing to discuss the possibility of offering her a reasonable accommodation. However, this argument puts the cart before the horse, as Wheatley skips the essential question of whether she was actually covered by the ADA when she was fired. The ADA only covers—and therefore employers are only required to provide reasonable accommodations to—qualified individuals with disabilities, meaning people who can perform the essential functions of their jobs "with or without reasonable accommodation." 42 U.S.C. § 12111(8). Wheatley argued that she could perform the essential functions of her job with the accommodation of a walking boot, but the Court has now concluded that Wheatley cannot show that she could have actually worked with a walking boot, meaning that Wheatley has not shown

that there was an accommodation that would have allowed her to work. Consequently, Wheatley has not established that she was covered by the ADA when she was fired. Therefore, the Court need not address whether FCPO discussed possible accommodations with Wheatley. See Basith, 241 F.3d at 930 n.3 (focusing on whether the plaintiff was a qualified individual with a disability and declining to address the number of times the plaintiff requested an accommodation).

For those reasons, FCPO's Renewed Motion for Summary Judgment (d/e 52) is GRANTED. The Clerk is directed to close this case.

ENTER: May 14, 2015

s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE